FORREST LAKE, *Plaintiff in Error*, vs. JAMES F. McCLELLAND, Sheriff of Seminole County, Florida, *Defendant in Error*.

Division A.

Opinion filed May 8, 1931.

*H. S. White* and *Dickenson & Lake*, for Plaintiff in Error;

*Cary D. Landis,* Atty. Gen. and *Roy Campbell,* Asst., for Defendant in Error.

BUFORD, C.J.—On the 4th day of May, 1928, a judgment of conviction and sentence was pronounced against Forrest Lake in the Circuit Court in and for Seminole County, Florida, by Hon. DeWitt T. Gray, Circuit Judge, acting under an assignment from the Governor of Florida in lieu of Hon. W. W. Wright, Judge of that circuit. The judgment and sentence was in the following language, to-wit:

"You, Forrest Lake, having had a fair trial by a jury of your countrymen, and having been found guilty of the crime of making False Entries, the Court now deems and adjudges you to be Guilty of that offense, what have you to say why the sentence of the law should not be passed upon you?

Saying nothing: It is the sentence of the law and such is the judgment of the Court, that you, Forrest Lake, be confined at hard labor in the State Prison of the State of Florida, for and during the period of three years, to begin and run after the expiration of the Sentence previously passed in Indictment Number Six, and the Sheriff of Seminole County, Florida, is hereby ordered and directed to deliver you to the keeper of the State Prison of the State of Florida, with a copy of this Sentence, forthwith.

DONE AND ORDERED IN Open Court on this the 4th day of May, A. D. 1928."

Writ of error was sued out to the judgment and upon determination in this Court the judgment was affirmed. Afterwards, on the 5th day of January, 1931, Lake, after having been taken into the custody of the Sheriff of Seminole County under a capias issuing from the Circuit Court pursuant to the mandate of affirmance of the judgment of this court, sued out writ of habeas corpus.

It was the contention of the petitioner that the sentence imposed by the judgment of the court was so indefinite and uncertain as to be impossible of enforcement; that it was illegal, voidable, null and void because the sentence was indefinite as to the time when the execution of the sentence was to begin and the time at which it was to end; and that it was impossible for either the defendant or the officer, or officers, charged with the duty of executing the sentence to determine the time of the commencement of the sentence or the time of the termination thereof.

There would be no difficulty in this case whatever were it not for the fact that inferentially it appears from the sentence itself that another sentence at some time and at some place and for some offense had been imposed upon the petitioner and the record does not disclose when, where, nor in what court such former sentence was pronounced, nor the extent nor duration thereof.

It may be considered settled in this State that where one convicted of a criminal offense is adjudged guilty of such offense and is sentenced to serve a definite period of time in prison, the period of time being within the limit of the time prescribed by statute as punishment for such offense, neither the time for beginning of the sentence nor the time at which it may be concluded need be stated in the judgment or sentence, and, if stated, it will be construed as surplusage, except in cases where concurrent or consecutive sentences are imposed. In Brooks vs. State, 99 Fla. 1275, 128 Sou. 814, the Court, quoting from the case of State vs. Horne, 52 Fla. 125, 42 Sou. 388, said:

"The law does not contemplate that the court in fixing the punishment shall also fix the beginning and

ending of the period during which the imprisonment shall be suffered. The time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, is not a part of the sentence at all. The essential portion of the sentence is the *punishment,* including the *kind* of punishment and the *amount* thereof, without reference to the time when it shall be inflicted. The sentence, with reference to the kind of punishment and the amount thereof, should as a rule be strictly executed. But the order of the Court with reference to the time when the sentence shall be executed is not so material. Expiration of the time without imprisonment is in no sense an execution of the sentence.''

The principle enunciated in the ·case of State vs. Horne was followed in the case of Terrell vs. Wiggins, 55 Fla. 596, 46 Sou. 727.

So, it is that the judgment of conviction as entered against the defendant, Lake, and the sentence that he ''be confined at hard labor in the state prison of the State of Florida during the period of three years'' was and is valid judgment and would be all that is required in a valid sentence, were it not for the condition above referred to.

When the court is confronted with the duty of passing sentence upon one who stands before the court convicted of two or more offenses, it becomes needful for the court to determine and adjudicate whether the sentence to be imposed for the several offenses are to run concurrently or separately, that is concurrently or consecutively, and if consecutively, the time of the beginning of the running of each sentence must be definitely fixed so that it may be ascertained from the judgment itself or from the record in that particular case when that sentence is to begin

to run. There is nothing in the judgment here to indicate when the ''sentence previously passed in indictment number Six'' will terminate.

This Court in Wallace vs. State, 41 Fla. 547, 26 Sou. 713, had this identical question under consideration and therein said:

"It is insisted that the sentence imposed by the Court is vague and indefinite, in that it requires the imprisonment to begin at the 'expiration of first sentence', without stating the nature, duration or time of expiration of the first sentence, or by what court it was imposed. Some of the American courts hold that without an express statute authorizing it, the sentence in felony cases can not be so framed as to make the term of imprisonment begin at the expiration of a former sentence, but we hold that under the discretion vested in the judges in this State as to the duration of terms of imprisonment to be fixed by them upon convictions for felonies, and in accordance with common law principles and the manifest intention of our criminal laws to punish separately each offense committed against them, that in all criminal convictions where the sentence is to a term of imprisonment, the court can in its discretion fix the term so that it will begin at the expiration of a former sentence. Russell vs. Commonwealth, 7 Serg. & R. 489; Kite vs. Commonwealth, 11 Met. 581; Williams vs. State, 18 Ohio St. 46; In Re Packer, 18 Colo. 525, 33 Pac. Rep. 578; 1 Bishop's Crim. Proc. No. 1327. While this may be done, it is of great importance to the prisoner that the sentence should be definite and certain so as to advise him and the officer charged with its execution of the time of its commencement and termination, without being required to inspect the records of another court, or the record of another case. Picket vs. State, 22 Ohio St. 405; 1 Bishop's Crim. Proc. No. 1297. The

sentence in this case refers to a 'first sentence' but there is nothing in this record, or in the language of the sentence to advise us for what offense or in what court such 'first sentence' was imposed, or when it began or where it was to be executed, or for what period of time it was imposed. The sentence is erroneous because vague and indefinite.

We find no error in the record sufficient to reverse the judgment against the defendant, except in the sentence imposed. This error does not authorize us to grant a new trial in the case, but only to reverse the judgment and remand the cause for the imposition of a proper sentence. Williams vs. State, 18 Ohio St. 46; Bueno vs. State, 40 Fla. 160, 23 South. Rep. 862.''

The rule as enunciated in the case of Wallace vs. State, supra, has not been changed or modified by this Court as applied to a sentence being imposed subsequent to the imposition of a former sentence, which former sentence remained at the time unexecuted.

Having arrived at the conclusion that in cases where a particular defendant stands convicted of more than one offense, it becomes necessary for the court, as a part of its sentence, to prescribe whether or not the sentence imposed for the several offenses shall run concurrently or consecutively. It may be well to intimate a manner in which sentence to be run consecutively may be prescribed. One manner by which certainty and definiteness of the sentence might have been accomplished in the present case would have been to have included after the pronouncement of judgment, as follows:

"You, Forrest Lake, having had a fair trial by a jury of your countrymen, and having been found guilty of the crime of Making False Entries, the Court now deems and adjudges you to be guilty of that

offense, what have you to say why the sentence of the law should not be passed upon you?

Saying nothing: It is the sentence of the law and such is the judgment of the Court, that you, Forrest Lake, be confined at hard labor in the State Prison of the State of Florida, for and during the period of three years,''

the following language,

''and, whereas, you, Forrest Lake, have heretofore been convicted and adjudged guilty of the offense of _____ as charged in an indictment filed in this court on the _____ day of _____, 19_____, which judgment of conviction was had on the _____ day of _____, 19_____; and whereas, you have been sentenced under such judgment of conviction by this Court to serve _____ years in State Prison for that said offense, it is therefore, now adjudged that the sentence and judgment herein imposed shall begin to run from the date of completion of that former sentence above referred to, unless that former sentence shall be sooner abated or for any cause vacated, whereupon the sentence here imposed shall then begin.''

After this language should be inserted the order directing the defendant to be delivered to the State Prison, etc.

The judgment in this case being valid and the duration of the sentence imposed being within the limit of the maximum period of punishment provided by the statute, the defendant should not be discharged but should be remanded to the Sheriff with directions to deliver him at the bar of the Circuit Court in and for Seminole County, Florida, at a regular or special term thereof, there to receive the sentence of the Court under the judgment heretofore rendered and hereinabove referred

to in such manner and form as to be in harmony with the views herein expressed.

It may be, as is contended by the defendant in error, that the sentence referred to in the judgment as "sentence previously passed in indictment No. 6" has been abated or vacated by the reversal of another case in this Court and that no other judgments of conviction save the one here under consideration now stand against the petitioner. If this be made to appear in the Circuit Court as true it will only be necessary when the petitioner shall have been brought to the bar of the Circuit Court for the court to adjudge that the sentence pronounced upon the judgment against the petitioner on the 4th day of May, 1928, shall now be executed.

For the reasons stated, the judgment of the Circuit Court is affirmed, with directions that the petitioner be presented by the Sheriff at the bar of the Circuit Court of Seminole County, Florida, for such further proceedings as may be had in conformity with this opinion.

Affirmed with directions.

ELLIS AND BROWN, J.J., concur.

WHITFIELD AND TERRELL, J.J., concur in the opinion and judgment.

DAVIS, J., disqualified.