**RICHARD GILLMAN v. L. F. CHAPMAN, as Superintendent of the State Prison.**

8 So. (2nd) 653                                         Division A

June 12, 1942

Thomas J. Ellis, for petitioner.

J. Tom Watson, Attorney General, Lewis W. Petteway, Assistant Attorney General, and Woodrow M.

Melvin, Special Assistant Attoney General for respondent.

BUFORD, J.:

In original habeas corpus proceedings, it is alleged that:

"On, towit, August 17, 1932, the Criminal Court of Duval County, by Honorable James M. Peeler, Judge, in a case designated No. 1434, adjudged petitioner guilty of 'the offense of Forgery and uttering a forgery,' and sentenced petitioner to be confined in the State Penitentiary at hard labor for the periods of nine years and four years, respectively. Petitioner was imprisoned and commenced service of said sentences on, to-wit, the 17th day of August, 1932, and with duly earned 'gain time' or the commutation allowed by law for good behavior and no misconduct in prison, completed the service of said sentences in case No. 1434 on the 9th day of April, 1940. Petitioner attaches certified copies of the information and judgment and sentences in said cause, marked Exhibits 'A' and 'B' without, however, admitting that reference may be had thereto to validate or support the further sentences hereinafter mentioned.

"2. Also on to-wit, August 17, 1932, said court in a proceeding designated No. 1437, adjudged the petitioner guilty of a similar offense from related circumstances and undertook to enter other sentences against petitioner, by virtue of which, alone, petitioner is now confined in said prison, and whereby said court sentenced or purported to sentence this petitioner and ordered that he 'be confined in the said State Penitentiary at hard labor for the period of Eight Years *and after the expiration of your sen-*

*tence in the second count of the information in case No. 1434, this term;* And that you be further confined, in the said State Penitentiary, at hard labor, for the period of Three Years, on the second count of this Information, *and after the expiration of your sentence in the first count hereof.'"*

The judgment and sentence which is challenged is as follows:

"(1437) State vs. Richard Gillman, alias Joseph Kramer.

"Information for Forgery and uttering a forgery.

"Now again comes the defendant, Richard Gillman, alias Joseph Kramer, in proper person, whereupon, it is, adjudged by the Court that the said defendant is guilty of the offense of forgery and uttering a forgery, as found by the jury, and the said defendant being asked by the Court if he had anything to say why the sentence of the law should not be passed upon him, and saying nothing sufficient; Therefore, it is, the Judgment, Order and Sentence of the Court that you, Richard Gillman, alias Joseph Kramer, be taken by the Sheriff of Duval County, Florida, or his lawful deputy thereof, to the State Penitentiary of the State of Florida, and there be delivered to the principal officers thereof and there be confined in the said State Penitentiary at hard labor for the period of Eight Years, and after the expiration of your sentence in the second count of the Information in Case No. 1434, this term;

"And that you be further confined in the said State Penitentiary, at hard labor, for the period of Three Years on the second count of this Information, and after the expiration of your sentence in the first count hereof."

On authority of our opinions and judgments in the cases of Lake v. McClellan, 101 Fla. 536, 134 Sou. 522, and Wallace v. State, 41 Fla. 547, 26 So. 725, we must hold that the time fixed in the judgment and sentence for the beginning of service of the sentence was so vague and uncertain as to be of no force and effect to postpone the beginning of the running of the time of sentence and, therefore such portion of the judgment and sentence must be treated as surplusage.

In view of this condition, the sentence imposed in case No. 1434 and in case 1437 must be held to have run concurrently beginning on the 17th day of August. 1932, insofar as the two sentences covered the same length of time. See 24 C. J. Secundum 1236.

The return shows that the petitioner, having been given credit for "gain time," completed his service of sentence in case No. 1434, which was the longer sentence, on the 16th day of March, 1940.

It is insisted that petitioner should be remanded and ordered delivered to the Sheriff of Duval County for a legal sentence under judgment in case No. 1437. This would be the proper course if petitioner had not already served the sentence imposed. See Lake v. McClellan, supra.

The record shows, however, that petitioner has already served the sentence according to its legal interpretation and effect and, therefore, the Court is now without jurisdiction to impose a new sentence which petitioner may be required to serve. See Smith v. Brown, 135 Fla. 830, 185 So. 732, and authorities there cited; Tucker v. State, 100 Fla. 1440, 131 So. 327.

For the reasons stated, petitioner should be discharged.

It is so ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.