CLEM LINDSEY v. NATHAN MAYO, as State Prison Custodian

14 So. (2nd) 809
July 30, 1943
Rehearing Denied September 10, 1943

June Term, 1943
Division B

Clem Lindsey, in pro. per.

J. Tom Watson, Attorney General, Woodrow M. Melvin and J. R. Bullock, Assistant Attorneys General, for respondent.

BUFORD, C. J.:

This is an original habeas corpus proceeding.

The record shows that:

(1) Petitioner, Clem Lindsey, on April 29, 1922 was convicted in the Circuit Court for Calhoun County, Florida, of the offense of larceny of a steer; was adjudged guilty of said offense, and sentenced to serve a period of five years in the State Prison. Petitioner was received at the State Prison of Florida for the service of said sentence on May 4, 1922. On July 2, 1923, Petitioner escaped from the custody of your respondent and remained at large for a period of thirteen years, nine months, and eleven days. On April 13, 1937, petitioner was returned to the State Prison of Florida under the circumstances hereinafter set forth.

(2) On March 25, 1937, petitioner was convicted in the Circuit Court for Palm Beach County, Florida, for the offense of manslaughter, and on April 1, 1937, was adjudged guilty of said offense and sentenced to serve a period of ten years in the State Prison of Florida. Petitioner was received at the State Prison of Florida on April 13, 1937.

Upon the return of petitioner to the State Prison he was required to complete the service of the five year sentence imposed against him by the Circuit Court of Calhoun County,

Florida. Petitioner completed the service of said sentence on October 24, 1939, and immediately thereafter began the service of the ten year sentence imposed against him by the Circuit Court of Palm Beach County, Florida."

Petitioner contends that the sentence imposed in Palm Beach County ran concurrently with the unfinished sentence imposed in Calhoun County until the full term of the Calhoun County sentence expired and then continued until the expiration of the Palm Beach County sentence subject to the provisions of Sec. 954.06, Florida Statutes 1941, and relies upon the authority of Gillman v. Chapman, 150 Fla. 724, 8 So. (2nd) 653, and Lake v. McClellan, 101 Fla. 536, 134 So. 522.

Respondent contends that petitioner was, under the circumstances of this case, lawfully required when returned to the State Prison, to first complete the service of the Calhoun County sentence and at the conclusion thereof to have then commenced the service of the Palm Beach County sentence and that the latter sentence has not yet expired.

The cases, supra, relied upon by petitioner are not determinative of this case because of the difference in the factual conditions. In the cited Gillman case sentence was imposed at the same time and by the same court under more than one conviction. In the Lake case sentence was imposed by the court with the record showing that the court then had knowledge of another conviction and sentence then pending with judgment unsatisfied.

In the instant case there is no indication that the trial court in Palm Beach County had any knowledge of the fact that accused was an escaped convict and that there was pending an unsatisfied judgment and sentence which the convict was required to satisfy by completion of service in prison from which he had escaped. Therefore, the trial court did not have before it the necessity of determining and adjudging whether the sentence then being imposed should run concurrently with or subsequently to the completion of the service of the former sentence. It was the duty of the convict, if he desired such advantage as he may have had therefrom, to have then advised the court of the existing conditions.

The rule as stated in the Gillman case does not apply where different sentences are imposed, by different courts, and in such cases the sentences will be held to run consecutively, the latter beginning at the expiratoin of the former. This is necessarily true in cases where it is shown that the court imposing the latter sentence had knowledge of the unserved former sentence. See 16 C.J. Sec. 3082, page 1307; 16 C.J. Sec. 3127, p. 1330; Zerbst v. Walker, C.C.A., 67 Fed. (2nd) 667; in re Hudspect, C.C.A., 73 Fed. (2nd) 979; Hightower v. Hollis, 121 Ga. 160, 48 S. E. 969; Sullivan v. Clark, 156 Ga. 706, 119 S. E. 913.

The writ is quashed and the petitioner is remanded to the custody of respondent.

So ordered.

BROWN, THOMAS and SEBRING, JJ., concur.