STATE OF FLORIDA ex rel. DENNIS McARTHUR, v. NATHAN MAYO, as Commissioner of Agriculture and as Custodian of the State Prison of Florida.

22 So. (2nd) 254                         January Term, 1945
May 22, 1945                                      Division A

*Woodrow M. Melvin,* for petitioner.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, for respondent.

CHAPMAN, C. J.:

This is a case of original jurisdiction. The petitioner, Dennis McArthur, on September 28, 1939, was by the Circuit Court of Santa Rosa County sentenced to the state prison for a period of three years for the crime of "uttering a forged instrument." Pertinent provisions of the sentence are viz: "Said sentence to begin and run from the termination of sentence heretofore imposed by the County Court of Santa Rosa County, Fla."

The petitioner, Dennis McArthur, likewise, on September 28, 1939, was by the Circuit Court of Santa Rosa County sentenced to the state prison for a period of three years for the crime of breaking and entering. Pertinent provisions of the sentence are viz: "That you, Dennis McArthur, for your said offense to be confined at hard labor in the state penitentiary for and during the full term and period of three years, said sentence to begin and run from the termination of sentence today imposed for forgery." Petitioner began the service of the sentences on April 12, 1940.

On April 13, 1943, the petitioner, Dennis McArthur, was by the Circuit Court of Santa Rosa County sentenced to the state prison for a period of one year for the crime of grand larceny. Material portions of the third sentence against McArthur are viz: "It is therefore the judgment of the Court and the sentence of the law that you ——————— and Dennis McArthur do be confined in the state prison at hard labor for and during a period of one year for your said offense from the expiration of your present terms."

In a petition for writ of habeas corpus filed here on April 25, 1945, Dennis McArthur contends that he is unlawfully detained by the Honorable Nathan Mayo, custodian of the state prison, because the two sentences dated September 28, 1939, imposed by the Circuit Court of Santa Rosa County ran *concurrently* and by operation of law expired April 13, 1943.

That the third sentence for a period of one year to run on April 13, 1943, and expired April 13, 1944, and since said date the petitioner has been unlawfully detained.

It is our conclusion, in the light of our previous holdings, that the two sentences of three years each for the crimes of forgery and breaking and entering above referred to and as entered against petitioner by the Circuit Court of Santa Rosa County are concurrent sentences and not consecutive. See Wallace v. State, 41 Fla. 547, 26 So. 725; Lake v. McClelland, 101 Fla. 536, 134 So. 522; Gilman v. Chapman, 150 Fla. 724, 8 So. (2nd) 653.

The date of petitioner's sentence was April 12, 1943, and one year thereafter, on April 12, 1944, he was entitled as a matter of law to a discharge by the respondent.

The petitioner is hereby discharged.

TERRELL, BROWN and BUFORD, JJ., concur.

ADAMS, J., dissents.

THOMAS and SEBRING, JJ., not participating.

BROWN, J., concurring:

If Section 921.16 F.S. 1941 had been in effect when the two sentences of Sept. 28, 1939 were imposed, I think our holding in this case would have been different.