74 So.2d 370 (1954)
NORWOOD
v.
MAYO, State Prison Custodian.
Supreme Court of Florida. Division B.
July 23, 1954.
Rehearing Denied September 21, 1954.
J.C. Adkins, Jr., Gainesville, for petitioner.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
HOBSON, Justice.
This is a case of original jurisdiction, upon petition for habeas corpus filed by Burl Norwood. We have issued the writ, to which a return has now been filed by respondent.
From the facts made out by the petition and return, Norwood was committed to respondent's custody on October 9, 1924, to serve a five year sentence for the crime of breaking and entering with intent to commit a misdemeanor, imposed upon him by the Circuit Court of Santa Rosa County, Florida, acting by and through the Honorable A.G. Campbell, Circuit Judge. After escaping from the state prison three times for short periods, Norwood finally escaped on March 28, 1927, and was not returned to custody until February 28, 1947. This was as the result of having again been convicted, this time under both counts of an information which charged forgery in the first count and uttering a forged instrument in the second count, again in the Circuit Court of Santa Rosa County. On February 3, 1947, said court, acting by the Honorable D. Stuart Gillis, Circuit Judge, who is not shown to have had any knowledge of Norwood's previous history and the part played in it by the same court, adjudged him guilty of both offenses charged and sentenced him to be confined in the state prison for two consecutive ten-year sentences, one on each count. When petitioner was received at the state prison on February 28, 1947, he was required first to serve the remainder of the five-year sentence of 1924, and upon the completion of this sentence on June 14, 1949, he was put to serving the consecutive ten-year sentences.
Petitioner first contends that he could not lawfully be required to complete the service of his five-year sentence before beginning the service of his first ten-year sentence, because these sentences (i.e., the five-year sentence and the first ten-year sentence) should have run concurrently. This contention is foreclosed by F.S. § 921.16, F.S.A., which provides in part that sentences for offenses not charged in *371 the same information "shall be served consecutively unless the court expressly directs that they * * * be served concurrently." No such express direction is contained in the sentence imposed by Judge Gillis in 1947, which was after the statute became effective. Even in the absence of the statute, however, the case of Lindsey v. Mayo, 153 Fla. 465, 14 So.2d 809, would be controlling. Although in that case the sentences were imposed by different courts while here the same court imposed the sentences but by different judges and some 23 years apart, the holding in the Lindsey case was based upon the second court's lack of knowledge of the first court's action. The same reasoning applies to the present case, and we find the petitioner's position on this issue to be without merit.
Petitioner next contends that since both counts of the indictment concerned the same instrument, and both the forging and uttering of this instrument were charged as having occurred on the same day, the imposition of consecutive sentences was error and the second of these sentences is void, because forging and uttering under such circumstances are part of the same criminal act. Where the two offenses are considered one crime, or under statutes containing alternative provisions, see, e.g., Bueno v. State, 40 Fla. 160, 23 So. 862, there is authority for this position. See Devere v. State, 5 Ohio Cir.Ct.R. 509, and U.S. v. Carpenter, 9 Cir., 151 F. 214. In Florida, however, forgery and uttering are separate and distinct crimes, governed by F.S. Sections 831.01 and 831.02 respectively. No conviction for uttering can be had on indictment for forgery, King v. State, 43 Fla. 211, 31 So. 254. Compare State v. Klugherz, 91 Minn. 406, 98 N.W. 99, which appears to support petitioner's position herein, but which was based upon a Minnesota statute making a person guilty of forgery whether he forged or uttered the instrument. Under the Florida statutes, the position of petitioner is untenable. The separate offenses of forgery and uttering can lead, as here, to separate convictions and separate sentences, even though committed with regard to the same instrument and on the same date.
It is ordered that the writ of habeas corpus be, and the same is hereby, quashed and discharged, and petitioner is hereby remanded to respondent's custody.
ROBERTS, C.J., and THOMAS and DREW, JJ., concur.