HOBSON, Justice.
Petitioner in this habeas corpus proceeding alleges that the sentences which he is serving were improperly entered. On October 16, 1930, he was adjudged guilty, in thirteen separate cases, of breaking and entering a building with intent to commit a felony. These cases were numbered 497, 498, 499, 501, 502, 505, 506, 508, 509, 511, 513, 522 and 523. In each case he was sentenced to three years of imprisonment. In the first case, number 497, petitioner was sentenced to be “confined in the said state penitentiary at hard labor for the period of three years, from the date of your incarceration therein.” In case number 498 the sentence was stated to be “for the period of three years, from the date of your incarceration therein, and after the expiration of your sentence in number 497 of this term." Each subsequent sentence used the same language as that in case number 498, but referred to the case number preceding. In spite of the use of the language “from the date of your incarceration therein” in case number 498 et seq., we think it was plainly the intention of the court that the sentences should run consecutively, each sentence commencing with the expiration of the sentence in the previous case. Petitioner, however, contends that the sentences were so vague and indefinite as to commencement date that only the first three-year sentence was lawful. He has twice escaped from the penitentiary but has served seven and one half years under these sentences. If his contention is correct, therefore, he is unlawfully held.
Petitioner relies on Gillman v. Chapman, 150 Fla. 724, 8 So.2d 653; Lake v. *231 McClelland, 101 Fla. 536, 134 So. 522, and Wallace v. State, 41 Fla. 547, 26 So. 713. The Lake and Wallace cases were decided upon clearly distinguishable facts and do not merit discussion upon this petition. The Gillman case, however, appears at first quite similar to the instant case. In that case two informations had been brought against the petitioner in cases numbered 1434 and 1437. Each information consisted of two counts, and Gillman, the petitioner, was adjudged guilty on both counts of each information. In case number 1434, Gillman was sentenced to nine years on the first count and four years on the second. There was no indication as to whether these sentences were to run consecutively or concurrently, and the sentences were entered before the passage of F.S. § 921.16, F.S.A., which was intended to clarify such a situation. In case number 1437 Gillman was sentenced on the first count to “Eight Years, and after the expiration of your sentence in the second count of the Information in this case #1434, this term * * On the second count he was sentenced to “Three Years on the second count of this Information, and after the expiration of your sentence in the first count hereof.” Since it was impossible to determine whether or not the sentences imposed in case number 1434 were intended to run concurrently or consecutively, we held that the sentences in case number 1437 were void for vagueness, inasmuch as the sentences in the latter case were dependent for their starting date upon the expiration of the uncertain sentences in the former case.
In the case at bar we do not have the same situation. Case number 497 herein resulted in a single sentence of three years. The three-year sentence in case number 498 was intended to commence at the expiration of the single sentence given in case number 497. The sentence in each subsequent case was intended to start when the sentence in its predecessor case had expired. We therefore cannot say as we did in the Gillman case [150 Fla. 724, 8 So.2d 654] that the sentences, or any of them, are “so vague and uncertain as to be of no force and effect * *
It follows that the writ of habeas corpus heretofore issued in this case must be, and the same is hereby, quashed, and the petitioner remanded to the custody of respondent.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.