RAWLS, Judge.
By this appeal the appellant challenges a final judgment of conviction of forgery.
Appellant was born “Eldo Healdraw Walters.” At trial appellant testified that approximately seven years earlier, because of his “ex-wife” and for “family reasons,” he assumed the name of “Cecil Harrington.” He was generally known by that *908 name in the Niceville area where he had spent considerable time during the past two or three years. Appellant had opened a checking account at the Niceville bank and Cecil Harrington was authorized to write checks on the account.
On December 22, 1969, Walters, using the name Cecil Harrington, entered a Niceville Piggly Wiggly grocery store and cashed a $50 check drawn on the Niceville bank. The store manager approved the check because he recognized appellant as a man who worked for a local fish company. Later that same day appellant returned to the Piggly Wiggly store and, again using the name of Cecil Harrington, cashed a second check for $30 drawn on a different bank. The store manager also approved this check. The first check was subsequently returned marked “Insufficient Funds” and the second check was returned because there was no account in the name of the check’s maker at that particular bank. Appellant was convicted of forgery and sentenced to five years.
By his sole point on appeal, appellant contends that the trial judge erred in not granting his motion for directed verdict at the close of the State’s case because the evidence would not sustain a conviction of forgery. We agree and reverse.
The evidence reveals without contradiction that appellant was known in the community where he worked as Cecil Harrington and that no other person in the community was known by this name. The assumed name, under the facts of this case, did not constitute any part of the inducement for the store manager to cash the check. The checks were approved because a man named Cecil Harrington, known by the store manager to be an employee of a local seafood company, wished to purchase some groceries using a personal check.
The crime of forgery requires “the making of a writing, which falsely purports to be the writing of another, with an intent to defraud.” Davis v. State, 111 So.2d 459 (Fla.App. 1st 1959). The essence of the offense is the “intent to defraud”. Hawkins v. State, 28 Fla. 363, 9 So. 652 (1891), and Hepburn v. Chapman, 109 Fla. 133, 149 So. 196 (1933). The store manager accepted the checks signed Cecil Harrington from a man he, and the members of the community, knew to be Cecil Harrington. The maker of the check was and is Cecil Harrington insofar as any matters material to the instant transactions are concerned.
Reversed.
CARROLL, DONALD, K., Acting C. J., and VANN, H., Associate Judge, concur.