PER CURIAM.
Defendant, Ronald Sands, appeals a sentence to five years in the state penitentiary imposed by the trial judge after a probation revocation hearing.
Sands alleges that it was error to revoke probation and impose such sentence since the trial judge originally placed him on five years probation with the condition that he “must start drug program, if available, in county jail. Must be enrolled in drug program by probation office after one (1) year served in county jail,” which Sands claims is illegal.
We acknowledge that a sentence imposing one year in county jail as a condition of probation is illegal, and we have been definitive as to the invalidity of such sentences. See Williams v. State, Fla.App. 1973, 280 So.2d 518 and Durham v. State, Fla.App.1974, 304 So.2d 146. However, we agree with the State’s contention that in this case, the facts do not fall under the Williams or Durham rationale. The defendant’s argument is based upon the inaccurate factual representation that one year in the county jail is a condition of probation. The record reflects that the defendant had been sentenced to serve one year in county jail in another case and that “one year served in county jail” mentioned by the court in the order of probation in this case merely defines the time when the condition of enrolling in the drug program must begin. Thus, the probation was ordered for five years only, with no sentence to county jail. Probation in one case to follow a jail sentence in another case is valid. Dade County v. Baker, Fla.1972, 265 So.2d 700.
In addition, we note that before this appeal from the order revoking probation and imposing a sentence of five years in the state penitentiary, Sands never filed a timely appeal or other challenge to the legality of the order placing him on probation.
Affirmed.