HAVERFIELD, Judge.
This is an appeal by Jack Allan Willner from (1) an order revoking his probation and sentencing him to serve five years in the state penitentiary, and (2) an order denying his motion to vacate and set aside his original sentence.
On February 13, 1973 defendant was informed against for unlawful sale of cocaine, unlawful possession of cocaine and several counts of conspiracy to unlawfully sell or deliver cocaine. Subsequently, defendant pled guilty to count I (unlawful sale of cocaine) and count III (conspiracy to commit the unlawful sale or delivery of cocaine). On May 24, 1974 he was sentenced to one year less one day in the county jail on count I, and five years probation on count III to begin at the expiration of the jail sentence. After commitment, defendant filed a motion to mitigate his jail sentence, which was heard on January 30,1975 by the trial judge who imposed the original sentence. The judge entered an order reducing the length of defendant’s jail sentence to 252 days on count I, and retaining the five year probation sentence on count III (to begin at the expiration of his jail sentence). After serving 252 days, the defendant was released from jail. On October 28, 1976 defendant appeared in federal district court and pled guilty to unlawfully importing cocaine. Upon ascertaining this fact, defendant’s probation officer filed an affidavit of violation of probation, and on January 13, 1977 a revocation of probation hearing was held. At the hearing defendant contended he did not realize that he remained on probation after his sentence was mitigated by the January 30, 1975 order because the Department of Offender Rehabilitation did not contact him upon his release from the county jail. Following a continuance, the hearing was resumed on January 26 at which time defense counsel raised an additional issue of the legality of the original May 24, 1974 sentence. The court ruled that this issue was not properly before the court; and further found that only the sentence on count I had been mitigated, and defendant knew that the probation sentence on count III was still in effect at the time his jail sentence was reduced as evidenced by his motion for mitigation requesting reduction only of his jail time. Thereupon, the court revoked defendant’s probation and sentenced him to five years in the state penitentiary. Defense counsel then filed a motion to vacate the original May 24, 1974 sentence which was denied. Defendant perfected the instant appeal from these two orders.
Defendant first urges as reversible error the entry of the revocation of probation order because he was not aware that he was on probation after the judge entered the January 30, 1975 mitigation order. We cannot agree.
The record reflects that defense counsel admitted to the court that defendant at the time of the imposition of his original sen *1110 tence on May 24, 1974 knew that he was receiving five years probation on count III to commence after he served his jail sentence on count I. This fact is further evidenced by the defendant’s pro se motion to mitigate wherein he acknowledged both the jail and probation sentences and requested a mitigation of his sentence to the county jail. Although his jail sentence was reduced, the January 30, 1975 mitigation order specifically restated that defendant would be placed on five years probation on count III after he served his jail time on count I. Only the jail time was mitigated by the order of January 30, 1975 and defendant’s probation commenced at the conclusion of his jail sentence and, therefore, he was still on probation at the time of the alleged violation.
We are also not persuaded by defendant’s argument that the Department of Offender Rehabilitation took no action to inform him that he was on probation. A person on probation hardly needs an official document to advise him that the commission of a felony such as the unlawful importing of cocaine while on probation constitutes a violation of such probation. Cf. Jones v. State, 296 So.2d 519, 521 (Fla.3d DCA 1974).
Defendant also argues that the original sentence imposed on May 24, 1974 was illegal and, therefore, the court erred in denying his motion to vacate the sentence. We find the original sentence to be legal.
Pursuant to Section 922.051, Florida Statutes (1973) the judge properly sentenced the defendant to the county jail instead of the state prison as to count I. We also find proper the sentence of five years probation on count III to begin after defendant serves his term in the county jail on count I, as probation in one case to follow a jail sentence in another case is valid. See Dade County v. Baker, 265 So.2d 700 (Fla.1972); Sands v. State, 313 So.2d 116 (Fla.3d DCA 1975).
Affirmed.