355 So.2d 817 (1978)
Sanford K. BRONSTEIN, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 74-1738, 76-176.
District Court of Appeal of Florida, Third District.
January 31, 1978.
Rehearing Denied March 8, 1978.
*818 Norman Francis Haft, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, NATHAN and KEHOE, JJ.
HENDRY, Judge.
An information was filed against appellant/defendant Sanford K. Bronstein charging him in counts one through sixty-three with the crimes of grand larceny, forgery and uttering a forged instrument, in violation of Sections 811.021, 831.01 and 831.02, Florida Statutes (1973). In addition, appellant was charged in count sixty-four with conspiring to commit grand larceny, in violation of Section 833.04, Florida Statutes (1973).
In substance, the above counts charged that appellant, the former President of Cedars of Lebanon Hospital Corporation, wrongfully caused the hospital to issue twenty-one checks to various payees which were then fraudulently endorsed and cashed with the proceeds appropriated by appellant. At the conclusion of a jury trial, appellant was convicted on all counts and sentenced to twenty-five years imprisonment to be followed by ten years probation. From his sentence and conviction, appellant has taken this appeal.
Appellant raises six points on appeal. In point I, appellant contends that he was denied due process of law and a fair trial by virtue of the fact that the trial court denied his motion for relief from misjoinder; in points II, IV and V, appellant basically argues that by virtue of adverse pre-trial publicity, inflammatory and prejudicial prosecutorial misconduct and certain rulings of the trial court, due process was violated and a fair trial never received; in point III, appellant contends that the court's denial of his motion for judgment of acquittal as to count sixty-four of the information (conspiracy) resulted in substantial prejudice to his case; and finally, in point VI, appellant contends that the sentence imposed by the court is illegal and void.
After carefully reviewing the record and briefs, we must reject all points.
With regard to appellant's contentions concerning the alleged adverse publicity, prejudicial comment, etc. and denial of motion for misjoinder, we note that appellant's co-defendants at trial, Messrs. Tifford and Abbott, have previously raised those same points in their appeals. For the reasons stated in those opinions, we find no abuse of discretion in the trial court's denial of appellant's motion for misjoinder, nor do we agree with appellant's contention that he was denied a fair trial by virtue of adverse publicity and/or prejudicial comment from either the prosecution or the bench. See Tifford v. State, 334 So.2d 91 (Fla. 3d DCA 1976), cert. den. 344 So.2d 327 and Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976), cert. den. 345 So.2d 420.
In addition, the record reveals competent substantial evidence to support appellant's conviction of conspiracy, in violation of Section 833.04, Florida Statute (1973). See Crum v. State, 172 So.2d 24 (Fla. 3d DCA 1965).
Finally, appellant's contention that his sentence was illegal and void is without merit. First, the crimes of forgery and uttering a forged instrument are separate and distinct crimes and can lead to separate convictions and separate sentences, even though committed with regard to the same instrument. Norwood v. Mayo, 74 So.2d 370 (Fla. 1954). Second, probation to follow jail sentences in separate convictions is valid. See Sands v. State, 313 So.2d 116 (Fla. 3d DCA 1975). Sub judice, appellant was sentenced upon his conviction of multiple *819 counts of forgery, uttering a forged instrument and grand larceny. The sentence amounted to jail time on counts one through fifty-four and probation on counts fifty-five through sixty-four.
Accordingly, appellant's sentence and conviction are hereby affirmed.
Affirmed.