WENTWORTH, Judge.
The state seeks review of an order dismissing an information for failure to charge an offense. We conclude that the act charged, uttering an altered private academic transcript, does not violate section 831.02, Florida Statutes, and we affirm the order appealed.
In an amended information the state charged appellee with violating section 831.02, Florida Statutes, by knowingly submitting to the University of Florida an altered “record, to wit: a school tran-script_” The court dismissed this information upon appellee’s motion, determining that section 831.02 proscribes uttering only those records delineated in section 831.01, Florida Statutes, and that appellant’s academic transcript is not such a record.
Section 831.02 prohibits uttering:
... a false, forged or altered record, deed, instrument or other writing mentioned in s. 831.01_
Section 831.01 addresses the forgery of a “public record” and various other specified documents. These two statutes embrace separate and distinct offenses. See Bron-stein v. State, 355 So.2d 817 (Fla. 3d DCA 1978). But they involve a closely related subject and are thus properly construed in pari materia, upon comparison with each other considering the entire statutory scheme. See generally, Ferguson v. State, 377 So.2d 709 (Fla.1979). Since section 831.02 is a penal statute, it must give clear notice of the acts it proscribes and should be strictly construed. See Ferguson, supra; State v. Winters, 346 So.2d 991 (Fla. 1977); see also section 775.021(1), Florida Statutes.
We agree with the trial court that section 831.02 proscribes uttering only such records and documents as are mentioned in section 831.01, and that the state’s information does not charge an offense under section 831.02. The allegation that appellee uttered an altered record relates to a private academic transcript, which is neither a public record nor other document identified in section 831.01. Uttering such a transcript is therefore not a violation of section 831.02, as strictly construed in pari materia with section 831.01. The state’s information was properly dismissed.
The order appealed is affirmed.
ERVIN and ZEHMER, JJ., concur.