826 So.2d 471 (2002)
Kurt McRae WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2711.
District Court of Appeal of Florida, First District.
September 20, 2002.
*472 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
Kurt McRae Watkins, appellant, was convicted of forgery, uttering a forgery, and petit theft. Appellant raises four issues on appeal. He first argues that the trial court erred in denying his Motion for Judgment of Acquittal on the forgery charge as the State failed to prove the essential elements of the charge. We agree and reverse appellant's forgery conviction and sentence and remand to the trial court for further proceedings. We affirm appellant's second, third, and fourth issues without further discussion.
Appellant was charged in a three-count amended information with: (1) forgery, (2) uttering a forgery, and (3) petit theft based upon a counterfeit check that had been tendered to a grocery store in Lake City, Florida on March 17, 2000. At trial, the grocery store clerk, Heather Sauls, testified that she remembered cashing three payroll checks for three black males from a "McKinsley Construction" company, which turned out to be nonexistent. One of the checks named the payee as "Kurt Watkins." According to Sauls, she matched the man who tendered the "Kurt Watkins" check with the photograph on his Florida identification card. All three checks were subsequently dishonored by Columbia County Bank and returned.
*473 Sauls testified that one of the men wore a goatee beard and was missing several teeth. When the police later showed Sauls nine facial photographs of possible suspects, Sauls, feeling no hesitation regarding her identification, selected a picture of appellant as one of the men who tendered a counterfeit check. Appellant subsequently testified that he had six or seven missing teeth and had previously worn what most people would consider to be a goatee.
The State's final witness, the investigating officer, testified that he did not submit the counterfeit check to a handwriting expert to compare signatures. On cross-examination, the officer testified that he did not know how the check was printed or what ink was used in the process. Nor did he know where any possible check printing machine was located. The officer also testified that he possessed no knowledge as to who actually counterfeited the check.
The State then rested its case and appellant moved for judgment of acquittal. As to count one, appellant argued that he could not be convicted for forgery because the State failed to present any evidence regarding who actually counterfeited the check. The State, for the first time, argued that even though it was unable to present any evidence of who actually counterfeited the check, appellant was a principal to forgery because he uttered the check, knowing that it was counterfeit. The trial court denied the motion without mentioning the principal issue.
Following the defense's case, the trial court denied appellant's renewal of his Motion for Judgment of Acquittal. The trial court instructed the jury based upon the crimes of forgery, uttering a forgery and petit theft. Over defense counsel's objection, the trial court also instructed the jury that if appellant helped another person commit or attempt to commit a crime, appellant would then be considered a principal and could be treated as if he himself had committed the crime. The jury found appellant guilty on all three counts as charged. On counts one and two, appellant received eighteen months, the sentences to run concurrently, followed by one year of probation. On count three, the trial court sentenced appellant to time served. This appeal followed.
Appellant argues that the trial court erred in denying his Motion for Judgment of Acquittal as to count one. In moving for judgment of acquittal, a defendant admits not only the facts stated in evidence, but also admits every conclusion favorable to the State that the jury might fairly and reasonably infer from such evidence. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). It is the trial judge's duty to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. State v. Law, 559 So.2d 187, 189 (Fla.1989).
Because the decision to grant or deny a motion for judgment of acquittal is not one that calls for the exercise of judicial discretion, this Court reviews such decision under the de novo standard. Jones v. State, 790 So.2d 1194, 1196-97 (Fla. 1st DCA 2001) (en banc). If the State has presented competent evidence to establish every element of the crime, judgment of acquittal should be denied. State v. Williams, 742 So.2d 509, 511 (Fla. 1st DCA 1999). The court should not grant a motion for judgment of acquittal unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt. Id. (citing Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA 1998) (en banc)).
Pursuant to section 831.01, Florida Statutes (1999), "forgery" is defined as:

*474 [w]hoever falsely makes, alters, forges or counterfeits a ... promissory note, or an order, acquittance, or discharge for money or other property, or an acceptance of a bill of exchange or promissory note for the payment of money, or any receipt for money, goods or other property... with intent to injure or defraud any person, shall be guilty of a felony of the third degree....
Thus, the crime of forgery requires the making of a writing that falsely purports to be the writing of another, with the intent to defraud. Walters v. State, 245 So.2d 907, 908 (Fla. 1st DCA 1971); see also Rushing v. State, 684 So.2d 856, 857 (Fla. 5th DCA 1996).
In support of his Motion for Judgment of Acquittal and on appeal, appellant relies upon two of this Court's opinions where we reversed the appellants' forgery convictions because the State failed to produce sufficient evidence to prove that the appellants committed forgery as to stolen checks. See Barge v. State, 747 So.2d 481, 481 (Fla. 1st DCA 2000); see also Clark v. State, 737 So.2d 634, 634 (Fla. 1st DCA 1999). If the State had proceeded only on the forgery charge, instead of then averring that appellant was a principal to such charge, both Barge and Clark would be controlling because the State failed to present any evidence that appellant, himself, counterfeited the check. However, because the State asserted, subsequent to the close of its case, that appellant was a principal to forgery, the question then becomes whether or not the State offered sufficient evidence to prove that appellant was indeed a principal. Pursuant to section 777.011, Florida Statutes (1999), a "principal in the first degree" is defined as:
[w]hoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.
To be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime. Banks v. State, 790 So.2d 1094, 1098 n. 2 (Fla.2001).
The State correctly argues on appeal that if an information charges a defendant with a substantive crime, such as forgery, and the proof establishes only that he was feloniously present, aiding, and abetting in the commission of the crime, a verdict of guilty as charged should be sustained. State v. Roby, 246 So.2d 566, 571 (Fla.1971); Jacobs v. State, 184 So.2d 711, 715 (Fla. 1st DCA 1966). However, the State incorrectly argues that it presented sufficient evidence to prove that appellant acted as a principal to forgery. The State called Sauls, the store clerk, a bank vice-president and the investigating officer as witnesses during its case-in-chief. However, none of these witnesses provided any evidence that appellant falsely made, altered, forged or counterfeited the check or that he did some act or said some word that was intended to and did incite or cause another individual to counterfeit the check. Because the State produced no evidence as to who actually counterfeited the check, it based its case for forgery solely upon the evidence that appellant uttered the counterfeit check. Therefore, taking the evidence in a light most favorable to the State, while appellant's conduct in uttering the counterfeit check established a prima facie case of uttering a forgery, this evidence, standing alone, did not establish a prima facie case *475 of the separate and distinct crime of forgery. See Norwood v. Mayo, 74 So.2d 370, 371 (Fla.1954) (holding that forgery and uttering a forgery are two separate and distinct crimes).
Moreover, the State proceeded on the theory that either appellant acted as a principal to another person or to himself in committing the forgery. The State attempted to overcome its lack of evidence by arguing, for the first time in response to appellant's Motion for Judgment of Acquittal, that simply because appellant uttered the check, he also acted as a principal to forgery. If this Court upheld the State's theory, any defendant found guilty of uttering a forgery would also be guilty as a principal to the separate crime of forgery, contrary to the supreme court's holding in Norwood. As such, because the State presented no evidence that appellant committed the actual forgery or that he acted as a principal to such, we hold that the trial court erred in denying appellant's Motion for Judgment of Acquittal as to count one.
Accordingly, we reverse appellant's forgery conviction and sentence and remand the case to the trial court for further proceedings consistent with this opinion. We affirm in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED.
MINER and BENTON, JJ., concur.