DAVIS, Judge.
J.F.R. challenges his adjudication of delinquency arguing that the evidence was insufficient to support a finding that he committed aggravated assault with a deadly weapon. We conclude that the record does not support the adjudication of delinquency and reverse.
*345 These proceedings arose out of an incident in which J.F.R., his- brother, and a number of other youths drove into the victim’s yard, exited their vehicles, and began “talking trash” to the victim. Several of the youths carried baseball bats, which they displayed in a menacing manner.
The State filed a petition for delinquency, and J.F.R. was adjudicated delinquent based on his being found guilty of aggravated assault with a weapon. However, the record reveals that the victim testified that he did not see J.F.R. carrying a weapon. Moreover, the trial court made a specific finding that J.F.R. did not possess a weapon. As a result, J.F.R.’s adjudication was necessarily premised on his status as a principal.
However, “[t]o be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime.” Watkins v. State, 826 So.2d 471, 474 (Fla. 1st DCA 2002). In the instant case, the only evidence of record describing J.F.R.’s actions that evening was the victim’s statement that J.F.R. was “[j]ust standing there with his friends talking trash.” This very general statement does not, without more, establish either that J.F.R. intended that the crime be committed or that he did some act to assist the other person in committing the crime. Because J.F.R. was thus improperly adjudicated delinquent based on this status as a principal, we reverse.
Reversed.
ALTENBERND and NORTHGUTT, JJ., Concur.