CASANUEVA, Judge.
Bobby Charles Carr appeals his judgments and sentences for forgery, uttering a forged instrument, and petit theft. We affirm without discussion the judgments and sentences for uttering a forged instrument and petit theft. However, we agree with Mr. Carr that the trial court erred in denying his motion for judgment of acquittal as to the forgery charge, and we therefore reverse that judgment and sentence.
*1198 During Mr. Carr’s trial for the three offenses, Sophia Luxin testified that she is a teller at Amscot and was working when Mr. Carr attempted to cash a check belonging to John Holmes. She thought the check was suspicious because earlier that day another person, Jennifer Thompson, cashed a check from Mr. Holmes for the same amount. Ms. Thompson claimed that the check was for house cleaning. Ms. Luxin called Mr. Holmes and he informed her that his checkbook had been stolen.
Ms. Luxin then contacted Amscot’s corporate office and law enforcement. About thirty to forty-five minutes elapsed from the time Mr. Carr presented the check until law enforcement arrived at Amscot, and Ms. Luxin continued to hold Mr. Carr’s identification during this time period. While Mr. Carr was waiting in the lobby, he became nervous and started pacing back and forth closer to the door. Mr. Carr then left before law enforcement arrived without saying anything to Ms. Lux-in even though she retained his identification. Ms. Luxin identified Mr. Carr in court as the person who attempted to cash the stolen check.
Jennifer Thompson testified that she previously dated Mr. Carr and while they were dating, he asked her to cash a check for him because he could not find his identification. The check was completely filled out when he handed it to Ms. Thompson.
John Holmes testified that he last saw the stolen checks in the armrest of his vehicle. He gave a ride to a man named Joseph Dubose and a woman named Christina. The following morning he noticed that the checks were missing, but he did not know who took the checks. He did not know Mr. Carr and did not fill out the check that Mr. Carr had attempted to cash. He noted that the check was written for lawn work and that Mr. Carr had never done lawn work for him.
Section 831.01, Florida Statutes (2011), provides that the crime of forgery is committed when a person “falsely makes, alters, forges or counterfeits ... an order ... for money ... with intent to injure or defraud any person ....” In closing argument, the State alleged that Mr. Carr either wrote on the check himself or that he acted as a principal in the forgery: “So either Bobby Carr forged that check ... or somebody else forged that check, Bobby Carr knew they forged that check, and he’s assisting them to commit this forgery by presenting this check to Amscot.” However, there was no evidence presented at trial that Mr. Carr forged the check, that he assisted someone in committing the forgery, or that he even knew who forged the check.
This case is similar to Watkins v. State, 826 So.2d 471, 472-73 (Fla. 1st DCA 2002), where the appellant and two other men cashed counterfeit checks, but there was no evidence regarding whose handwriting was on the checks. The First District noted that “the crime of forgery requires the making of a writing that falsely purports to be the writing of another, with the intent to defraud.” Id. at 474 (citing Walters v. State, 245 So.2d 907, 908 (Fla. 1st DCA 1971)).
The court held that where the State asserts that the appellant was a principal to forgery, the issue is whether the State established that the appellant intended that the forgery be committed and did some act to assist another person to commit the forgery. Id. Similar to the present case, there was no testimony in Watkins establishing that the
appellant falsely made, altered, forged or counterfeited the check or that he did some act or said some word that was intended to and did incite or cause an *1199 other individual to counterfeit the check. Because the State produced no evidence as to who actually counterfeited the check, it based its case for forgery solely upon the evidence that appellant uttered the counterfeit check. Therefore, taking the evidence in a light most favorable to the State, while appellant’s conduct in uttering the counterfeit check established a prima facie case of uttering a forgery, this evidence, standing alone, did not establish a prima facie case of the separate and distinct crime of forgery.
Id. at 474-75.
Here, the State presented no evidence to establish whose handwriting was on the check or any evidence as to who participated in the forgery. As in Watkins, the case for forgery was based solely on the evidence that Mr. Carr and his girlfriend uttered the counterfeit checks. Because there was no evidence that Mr. Carr acted as a principal to the forgery or committed the actual forgery, the trial court erred in denying his motion for judgment of acquittal.
Accordingly, we reverse Mr. Carr’s judgment and sentence for forgery. His judgments and sentences for uttering a forged instrument and petit theft are affirmed.
Affirmed in part; reversed in part.
ALTENBERND and CRENSHAW, JJ., Concur.